## SEPTEMBER TERM, 1787.

### WILLIAM EAGAN *v.* JAMES BOWDRY.

*On a Caveat.*

The plaintiff, on the fifth day of May, 1785, entered the following caveat, to-wit:

"Let no grant issue to James Bowdry for 500 acres of land, surveyed by virtue of a treasury warrant on the waters of Greer's creek, in Fayette county, and returned to the deputy register's

office, March 11, 1784, William Eagan claiming the same by virtue of an entry made on a pre-emption warrant, No. 937, and surveyed the 31st day of July, 1784."

The plaintiff on the 26th day of April, 1780, obtained from the commissioners the following certificate, to-wit:

"William Eagan this day claimed a pre-emption to 1000 acres of land at the state price in the district of Kentucky, on account of marking and improving the same in the year 1775, lying on a branch that runs into Greer's creek, about three-quarters or one mile west of Joseph Conway's, to include his improvement.    Satisfactory proof being made to the court they are of opinion that the said Eagan has a right to a pre-emption of 1000 acres of land, to include the above location, and that a certificate issue accordingly."

And on the 30th day of May, in the year 1783, entered his pre-emption warrant with the surveyor of Fayette county in the following words, to-wit:

"William Eagan enters 1000 acres of land on a pre-emption warrant, No. 937, on a branch of the north fork of Greer's creek, to include his improvement, and running half way to Joseph Conway's improvement that he obtained a pre-emption for, with a a square line, and to extend as far on the one side of the course between the two improvements as on the other, and the survey to be four square."

On the 17th day of May, in the year 1780, the defendant made the following entry with the surveyor of Kentucky county, to-wit:

"James Bowdry enters 500 acres of land upon a treasury warrant, joining William Gibson's entry, between Greer's creek and Glenn's creek, on the north-west side, running north-west, including a tree marked I B in the fork of a small branch for quantity."

The entry of William Gibson was made May 16th, in the same year, and is in the following words, to-wit:

"Wm. Gibson enters 250 acres upon a treasury warrant, adjoining Henry Fields' pre-emption on Greer's creek, on the north side, running north and west for quantity, including a cabin and a tree marked I C."

The certificate to Henry Fields for his pre-emption, was granted to him by the commissioners on the 12th day of January, in the year 1780, in the following words, to-wit:

"Henry Fields, Jr., assignee of George Boyd, this day claimed a pre-emption of one thousand acres of land at the state price, in the district of Kentucky, lying between the waters of Glenn's

creek and Clear creek, including his cabin, by the said Boyd marking and improving the same by building a cabin, in the year 1776. Satisfactory proof being made to the court, they are of opinion that the said Fields has a right to a pre-emption of 1000 acres of land to include the above location, and that a certificate issue accordingly."

And the pre-emption warrant of the said Henry Fields was entered June 26, 1780, in the following words, to-wit:

"Henry Fields, Jr., assignee of George Boyd, enters a pre-emption warrant of 1000 acres on the waters of Glenn's creek and Clear creek, to include Boyd's cabin and a large spring."

The annexed plat, No. 5, was returned in this cause, of which the following is an explanation:

A B C D, Wm. Eagan's pre-emption survey of 1000 acres. A E F G H I and dotted lines, James Bowdry's survey of 500 acres on treasury warrant. 1 2 3 4 5, William Gibson's survey of 250 acres on a treasury warrant. 6 7 8 9, Henry Fields' survey of 1000 acres, as assignee of Boyd. 10 11 12 13, Hinch and Sack's pre-emption survey of 1000 acres, as assignees of Joseph Conway. M, Eagan's impovement. N, Conway's improvement. L, Fields' spring and Boyd's cabin.

The following fact was found by the jury, to-wit:

"That the plaintiff has included his improvement in his survey agreeably to his entry with the surveyor of Fayette county."

BY THE COURT.—The plaintiff hath a better right to the land in dispute; judgment for plaintiff, etc.